NS:KMT/NMA
F. #2020R00304

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DARRIUS SUTTON,
    also known as "Darius Sutton"
    and "Blizz Meecho,"
TRAVA SELBY,
    also known as "Stoney,"
ANDREW SIMPSON,
    also known as "Drew" and
    "Drewski,"
TYSHAWN SUMPTER,
    also known as "GT" and
    "Bamalife GT,"
RONNIE WARREN,
    also known as "Bossman
    Horse" and "Horse," and
COREY WILLIAMS,
    also known as "Moncler
    Mellz," "Moncler" and "Mellz,"

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**1:20-cr-00323(AMD(RLM)**

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>20-323 (S-3) (AMD)</u>
(T. 18, U.S.C., §§ 922(g)(1),
924(a)(2), 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 982(a)(2), 982(a)(2)(B),
982(b)(1), 1028(a)(7), 1028(b)(2)(D),
1028(c)(3)(A), 1028A(a)(1),
1028A(b), 1028A(c)(4), 1028A(c)(5),
1029(a)(1), 1029(a)(2), 1029(a)(5),
1029(b)(1), 1029(c)(1)(A)(i),
1029(c)(1)(A)(ii), 1029(c)(1)(C),
1029(c)(2), 1349, 1959(a)(3),
1959(a)(5), 1959(a)(6), 1962(d),
1963, 1963(a), 1963(m), 2 and 3551
<u>et seq.</u>; T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(C), 841(b)(1)(D), 846,
853(a) and 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION TO ALL COUNTS

At all times relevant to this Superseding Indictment, unless otherwise indicated:

### The Enterprise

1.      The Bamalife gang (hereinafter, "Bamalife" or the "Enterprise") was a

gang comprised primarily of individuals residing in and around the East New York

neighborhood of Brooklyn, New York, which included members of the Bloods street gang. Bamalife was, at times, also referred to as the "Cocky Bama Bullies" or "CBB." Members and associates of the Enterprise have engaged in fraud, narcotics trafficking and acts of violence, including acts involving murder and assault.

      2.     Bamalife, including its leaders, members and associates, constituted an "enterprise" as defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

      3.     Bamalife, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder chargeable under the New York Penal Law and punishable by imprisonment for more than one year; offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846; and acts indictable under Title 18, United States Code, Section 1028 (relating to fraud and related activity in connection with identification documents), Section 1029 (relating to fraud and related activity in connection with access devices) and Section 1344 (relating to financial institution fraud).

### Purposes of the Enterprise

4.      The purposes of the Enterprise included the following:

(a)      promoting and enhancing the prestige, reputation and position of the Enterprise with respect to rival criminal organizations;

(b)      preserving and protecting the power and territory of the Enterprise through the use of intimidation, threats of violence and acts of violence, including murder and assault;

(c)      keeping victims and rivals in fear of the Enterprise and its members and associates; and

(d)      enriching the members and associates of the Enterprise through criminal activity, including fraud, identity theft and drug trafficking.

### Means and Methods of the Enterprise

5.      Among the means and methods by which members of the Enterprise and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

(a)      Members of the Enterprise and their associates used, attempted to use and conspired to use fraud, identity theft and drug trafficking as means of obtaining money.

(b)      Members of the Enterprise and their associates committed, attempted to commit, threatened to commit and conspired to commit acts of violence, including acts involving murder and assault, to enhance the Enterprise's prestige and to protect the Enterprise's territory.

(c)     Members of the Enterprise and their associates used and

threatened to use physical violence against various individuals, including members of rival

criminal organizations.

### The Defendants

6.     The defendants DARRIUS SUTTON, also known as "Darius Sutton"

and "Blizz Meecho," TRAVA SELBY, also known as "Stoney," ANDREW SIMPSON, also

known as "Drew" and "Drewski," TYSHAWN SUMPTER, also known as "GT" and

"Bamalife GT," RONNIE WARREN, also known as "Bossman Horse" and "Horse," and

COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," were

members and associates of the Enterprise.

### COUNT ONE
(Racketeering Conspiracy)

7.     The allegations contained in paragraphs one through six are realleged

and incorporated as if fully set forth in this paragraph.

8.     In or about and between 2014 and the present, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho,"

TRAVA SELBY, also known as "Stoney," ANDREW SIMPSON, also known as "Drew"

and "Drewski," TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT," RONNIE

WARREN, also known as "Bossman Horse" and "Horse," and COREY WILLIAMS, also

known as "Moncler Mellz," "Moncler" and "Mellz," together with others, being persons

employed by and associated with Bamalife, an enterprise that engaged in, and the activities

of which affected, interstate and foreign commerce, did knowingly and intentionally conspire

to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

9.     The pattern of racketeering activity through which the defendants DARRIUS SUTTON, TRAVA SELBY, ANDREW SIMPSON, TYSHAWN SUMPTER, COREY WILIAMS and RONNIE WARREN, together with others, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise consisted of (a) multiple acts indictable under (i) Title 18, United States Code, Section 1028 (fraud and related activity in connection with identification documents), (ii) Title 18, United States Code, Section 1029 (fraud and related activity in connection with access devices), and (iii) Title 18, United States Code, Section 1344 (bank fraud); (b) multiple acts involving murder, in violation of New York State Penal Law Sections 125.25, 110.00, 105.15 and 20.00; and (c) multiple offenses involving dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Murder Members of Weez Gang)

10.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

11.     In or about and between 2014 and the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," ANDREW SIMPSON, also known as "Drew" and "Drewski," TYSHAWN SUMPTER, also known as "GT and "Bamalife GT," and COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more individuals, to wit: members and associates of the Weez Gang in Brooklyn, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT THREE
(Conspiracy to Murder John Doe 1)

12.     The allegations contained in paragraphs one through six are realleged and incorporated herein as if fully set forth in this paragraph.

13.     In or about and between 2016 and the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," TRAVA SELBY, also known as "Stoney," ANDREW SIMPSON, also known as "Drew" and "Drewski," RONNIE WARREN, also known as "Bossman Horse" and "Horse," and COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder John

Doe 1, an individual whose identity is known to the Grand Jury, in violation of New York

Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT FOUR
(Conspiracy to Assault John Doe 1 with a Dangerous Weapon)

14.     The allegations contained in paragraphs one through six are realleged

and incorporated herein as if fully set forth in this paragraph.

15.     In or about and between 2016 and the present, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho,"

TRAVA SELBY, also known as "Stoney," ANDREW SIMPSON, also known as "Drew"

and "Drewski," RONNIE WARREN, also known as "Bossman Horse" and "Horse," and

COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," together

with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise

engaged in racketeering activity, did knowingly and intentionally conspire to assault John

Doe 1 with a dangerous weapon, in violation of New York Penal law Sections 120.05(2) and

105.05(1).

(Title 18, United States Code, Sections 1959(a)(6) and 3551 et seq.)

### COUNT FIVE
(Conspiracy to Distribute Controlled Substances)

16.     In or about and between 2019 and January 2021, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz,"

together with others, did knowingly and intentionally conspire to distribute and possess with

intent to distribute one or more controlled substances, which offense involved (a) a substance

containing oxycodone, a Schedule II controlled substance, and (b) a substance containing

marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code,

Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D);

Title 18, United States Code, Section 3551 et seq.)

## COUNT SIX
(Possession with Intent to Distribute Oxycodone)

17.     In or about and between 2019 and August 11, 2021, within the Eastern

District of New York and elsewhere, the defendant COREY WILLIAMS, also known as

"Moncler Mellz," "Moncler" and "Mellz," together with others, did knowingly and

intentionally possess with intent to distribute a controlled substance, which offense involved

a substance containing oxycodone, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18,

United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVEN
(Use of a Firearm in Connection with Drug Trafficking Crimes)

18.     In or about and between 2019 and August 11, 2021, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz,"

together with others, did knowingly and intentionally use and carry one or more firearms

during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in

Counts Five and Six, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crimes.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

### COUNT EIGHT
(Bank Fraud Conspiracy)

19.     The defendants RONNIE WARREN, also known as "Bossman Horse" and "Horse," and COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," together with others, participated in bank fraud through the use of fraudulent checks.   The checks appeared to be issued by legitimate businesses, when in fact they were created by WARREN, WILLIAMS and others.   WARREN, WILLIAMS and others deposited the fraudulent checks into bank accounts, and thereafter WARREN, WILLIAMS and others withdrew funds from those bank accounts.

20.     On or about and between May 1, 2019 and May 3, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WARREN and WILLIAMS, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: TD Bank, N.A., and Valley National Bancorp, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets and other property owned by and under the custody and control of such financial institutions by means of one or more materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT NINE
(Aggravated Identity Theft)

21.    On or about and between May 1, 2019 and May 3, 2019, both dates
being approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendants RONNIE WARREN, also known as "Bossman Horse" and "Horse," and COREY
WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," together with others,
during and in relation to the offense charged in Count Eight, did knowingly and intentionally
transfer, possess and use, without lawful authority, one or more means of identification of
Jane Doe 1, an individual whose identity is known to the Grand Jury, knowing that the means
of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5),
2 and 3551 et seq.)

## COUNT TEN
(Bank Fraud Conspiracy)

22.    The allegations contained in paragraph 19 are realleged and
incorporated as if fully set forth in this paragraph.

23.    On or about and between June 6, 2019 and June 14, 2019, both dates
being approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendants WARREN and WILLIAMS, together with others, did knowingly and
intentionally conspire to execute a scheme and artifice to defraud one or more financial
institutions, to wit: HSBC Bank USA, N.A., Signature Bank and Teachers Federal Credit
Union, the deposits of which were insured by the Federal Deposit Insurance Corporation, and
to obtain moneys, funds, credits, assets and other property owned by and under the custody

and control of such financial institutions by means of one or more materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNT ELEVEN
(Aggravated Identity Theft)

24.     In or about June 2019, within the Eastern District of New York and elsewhere, the defendants RONNIE WARREN, also known as "Bossman Horse" and "Horse," and COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," together with others, during and in relation to the offense charged in Count Ten, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of Jane Doe 2, an individual whose identity is known to the Grand Jury, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

COUNT TWELVE
(Bank Fraud Conspiracy)

25.     The allegations contained in paragraph 19 are realleged and incorporated as if fully set forth in this paragraph.

26.     On or about and between June 11, 2019 and June 14, 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONNIE WARREN, also known as "Bossman Horse" and "Horse," and COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," together with others,

did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or

more financial institutions, to wit: Capital One Bank, N.A. and Sterling National Bank, the

deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain

moneys, funds, credits, assets and other property owned by and under the custody and

control of such financial institutions by means of one or more materially false and fraudulent

pretenses, representations and promises, contrary to Title 18, United States Code, Section

1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT THIRTEEN
(Attempted Murder of John Doe 2)

27.    The allegations contained in paragraphs one through six are realleged

and incorporated as if fully set forth in this paragraph.

28.    On or about August 11, 2019, within the Eastern District of New York

and elsewhere, the defendant DARRIUS SUTTON, also known as "Darius Sutton" and

"Blizz Meecho," together with others, for the purpose of maintaining and increasing position

in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally

attempt to murder John Doe 2, an individual whose identity is known to the Grand Jury, in

violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Assault of John Doe 2 With a Dangerous Weapon)

29.    The allegations contained in paragraphs one through six are realleged

and incorporated as if fully set forth in this paragraph.

30.     On or about August 11, 2019, within the Eastern District of New York and elsewhere, the defendant DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe 2 with a dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT FIFTEEN
(Possessing, Brandishing and Discharging a Firearm During Crimes of Violence)

31.     On or about August 11, 2019, within the Eastern District of New York and elsewhere, the defendant DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Eleven and Twelve, and did knowingly and intentionally possess such firearm in furtherance of said crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT SIXTEEN
(Felon in Possession of Ammunition)

32.     On or about August 11, 2019, within the Eastern District of New York and elsewhere, the defendant DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and

intentionally possess in and affecting commerce ammunition, to wit: .380 caliber Remington-Peters ammunition and .380 caliber Prvi Partizan ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT SEVENTEEN
(Felon in Possession of Ammunition)

33.     On or about April 20, 2020, within the Eastern District of New York and elsewhere, the defendant DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce ammunition, to wit: 9mm Luger caliber Federal Cartridge ammunition and .380 auto caliber Winchester ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT EIGHTEEN
(Attempted Murder of John Doe 3)

34.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

35.     On or about May 16, 2020, within the Eastern District of New York and elsewhere, the defendants DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," and TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to

murder John Doe 3, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

COUNT NINETEEN
(Assault of John Doe 3 With a Dangerous Weapon)

36.    The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

37.    On or about May 16, 2020, within the Eastern District of New York and elsewhere, the defendants DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," and TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe 3 with a dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT TWENTY
(Possessing, Brandishing and Discharging a Firearm During Crimes of Violence)

38.    On or about May 16, 2020, within the Eastern District of New York and elsewhere, the defendants DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," and TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Sixteen and

Seventeen, and did knowingly and intentionally possess such firearm in furtherance of said crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWENTY-ONE
(Felon in Possession of Ammunition)

39.     On or about May 16, 2020, within the Eastern District of New York and elsewhere, the defendant DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce ammunition, to wit: 9mm Luger caliber PMC ammunition.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT TWENTY-TWO
(Attempted Murder of John Doe 4)

40.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

41.     On or about July 14, 2020, within the Eastern District of New York and elsewhere, the defendants DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz Meecho," and TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John

Doe 4, an individual whose identity is known to the Grand Jury, in violation of New York

Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT TWENTY-THREE
(Assault of John Doe 4 With a Dangerous Weapon)

42.     The allegations contained in paragraphs one through six are realleged

and incorporated as if fully set forth in this paragraph.

43.     On or about July 14, 2020, within the Eastern District of New York and

elsewhere, the defendants DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz

Meecho," and TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT," together

with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise

engaged in racketeering activity, did knowingly and intentionally assault John Doe 4 with a

dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TWENTY-FOUR
(Possessing, Brandishing and Discharging a Firearm During Crimes of Violence)

44.     On or about July 14, 2020, within the Eastern District of New York and

elsewhere, the defendants DARRIUS SUTTON, also known as "Darius Sutton" and "Blizz

Meecho," and TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT," together

with others, did knowingly and intentionally use and carry a firearm during and in relation to

one or more crimes of violence, to wit: the crimes charged in Counts Twenty and Twenty-

One, and did knowingly and intentionally possess such firearm in furtherance of said crimes

of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWENTY-FIVE
(Counterfeit Access Device Fraud)

45.     On or about and between September 16, 2020 and March 9, 2021, both

dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendant TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT,"

together with others, did knowingly and with intent to defraud produce, use and traffic in a

counterfeit access device, to wit: a counterfeit Key Bank debit card, in a manner affecting

interstate and foreign commerce.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and

3551 et seq.)

## COUNT TWENTY-SIX
(Unauthorized Access Device Fraud)

46.     On or about and between September 16, 2020 and March 9, 2021, both

dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendant TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT,"

together with others, did knowingly and with intent to defraud traffic in and use one or more

unauthorized access devices, to wit: a social security number belonging to John Doe 5, an

individual whose identity is known to the Grand Jury, and a Key Bank debit card, and by

such conduct did obtain one or more things of value aggregating $1,000 or more during a one-year period, in a manner affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 1029(a)(2), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT TWENTY-SEVEN
(Aggravated Identity Theft)

47.     On or about and between September 16, 2020 and March 9, 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT," together with others, during and in relation to the crimes charged in Counts Twenty-Three and Twenty-Four, did knowingly and intentionally transfer, possess and use, without lawful authority, a means of identification of another person, to wit: a social security number belonging to John Doe 5, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(4), 2 and 3551 et seq.)

## COUNT TWENTY-EIGHT
(Attempted Unauthorized Access Device Fraud)

48.     In or about November 2020, within the Eastern District of New York and elsewhere, the defendant COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," together with others, did knowingly and with intent to defraud attempt to effect transactions with one or more access devices, to wit: PayPal account numbers, issued to one or more other persons, to receive payments and other things of value

during a one-year period, the aggregate value of which exceeded $1,000, in a manner affecting interstate commerce.

(Title 18, United States Code, Sections 1029(a)(5), 1029(b)(1), 1029(c)(1)(A)(ii), 1029(c)(1)(C), 2 and 3551 et seq.)

## COUNT TWENTY-NINE
(Aggravated Identity Theft)

49.     In or about November 2020, within the Eastern District of New York and elsewhere, the defendant COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," together with others, during and in relation to the offense charged in Count Twenty-Six, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of Jane Doe 3, an individual whose identity is known to the Grand Jury, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## COUNT THIRTY
(Fraudulent Use of Identification)

50.     In or about January 2021, within the Eastern District of New York and elsewhere, the defendant COREY WILLIAMS, also known as "Moncler Mellz," "Moncler" and "Mellz," together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate and foreign commerce, one or more means of identification of another person, with the intent to commit, and aid and abet, and in

connection with, unlawful activity that constituted one or more violations of Federal law, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(2)(B), 1028(c)(3)(A), 2 and 3551 et seq.)

## COUNT THIRTY-ONE
(Attempted Murder in the Vicinity of 1093 Putnam Avenue)

51.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

52.     On or about February 6, 2021, within the Eastern District of New York and elsewhere, the defendant TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder one or more individuals in the vicinity of 1093 Putnam Avenue, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT THIRTY-TWO
(Attempted Assault in the Vicinity of 1093 Putnam Avenue with a Dangerous Weapon)

53.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

54.     On or about February 6, 2021, within the Eastern District of New York and elsewhere, the defendant TYSHAWN SUMPTER, also known as "GT" and "Bamalife GT," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally

attempt to assault one or more individuals in the vicinity of 1093 Putnam Avenue with a

dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(6), 2 and 3551 et seq.)

### COUNT THIRTY-THREE
(Possessing, Brandishing and Discharging a Firearm During Crimes of Violence)

55.     On or about February 6, 2021, within the Eastern District of New York

and elsewhere, the defendant TYSHAWN SUMPTER, also known as "GT" and "Bamalife

GT," together with others, did knowingly and intentionally use and carry a firearm during

and in relation to one or more crimes of violence, to wit: the crimes charged in Counts

Twenty-Eight and Twenty-Nine, and did knowingly and intentionally possess such firearm in

furtherance of said crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT THIRTY-FOUR
(Felon in Possession of Ammunition)

56.     On or about February 6, 2021, within the Eastern District of New York

and elsewhere, the defendant TYSHAWN SUMPTER, also known as "GT" and "Bamalife

GT," knowing that he had previously been convicted in a court of one or more crimes

punishable by a term of imprisonment exceeding one year, did knowingly and intentionally

possess in and affecting commerce ammunition, to wit: four .40 S&W caliber Winchester

cartridges and one .40 caliber S&W caliber Federal Ammunition cartridge.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT THIRTY-FIVE
(Conspiracy to Murder in the Vicinity of 927 Dekalb Avenue)

57.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

58.     In or about August 2021, within the Eastern District of New York and elsewhere, the defendant ANDREW SIMPSON, also known as "Drew" and "Drewski," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more individuals in the vicinity of 927 Dekalb Avenue in Brooklyn, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT THIRTY-SIX
(Attempted Murder in the Vicinity of 927 Dekalb Avenue)

59.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

60.     On or about August 16, 2021, within the Eastern District of New York and elsewhere, the defendant ANDREW SIMPSON, also known as "Drew" and "Drewski," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder one or more individuals in the vicinity of 927 Dekalb Avenue in Brooklyn, New York, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT THIRTY-SEVEN
(Assault with a Dangerous Weapon in the Vicinity of 927 Dekalb Avenue)

61.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

62.     On or about August 16, 2021, within the Eastern District of New York and elsewhere, the defendant ANDREW SIMPSON, also known as "Drew" and "Drewski," together with others, for the purpose of maintaining and increasing position in Bamalife, an enterprise engaged in racketeering activity, did knowingly and intentionally assault with a dangerous weapon one or more individuals in the vicinity of 927 Dekalb Avenue in Brooklyn, New York, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT THIRTY-EIGHT
(Possessing, Brandishing and Discharging a Firearm During Crimes of Violence)

63.     On or about August 16, 2021, within the Eastern District of New York and elsewhere, the defendant ANDREW SIMPSON, also known as "Drew" and "Drewski," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Thirty-Three and Thirty-Four, and did knowingly and intentionally possess such firearm in furtherance of said crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT THIRTY-NINE
### (Felon in Possession of a Firearm)

64.     On or about April 26, 2022, within the District of New Jersey, the

defendant ANDREW SIMPSON, also known as "Drew" and "Drewski," knowing that he

had previously been convicted in a court of one or more crimes punishable by a term of

imprisonment exceeding one year, did knowingly and intentionally possess in and affecting

commerce a firearm, to wit: a Glock model 22 .40 caliber pistol bearing serial number

VMA788.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE

65.     The United States hereby gives notice to the defendants charged in

Count One that, upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 1963(a), which requires any person

convicted of such offense to forfeit: (a) any interest the person acquired or maintained in

violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim

against, or property or contractual right of any kind affording a source of influence over, any

enterprise which the person has established, operated, controlled, conducted or participated

in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any

property constituting, or derived from, any proceeds which the person obtained, directly or

indirectly, from racketeering activity in violation of Title 18, United States Code, Section

1962.

66.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

>    (a)     cannot be located upon the exercise of due diligence;
>
>    (b)     has been transferred or sold to, or deposited with, a third party;
>
>    (c)     has been placed beyond the jurisdiction of the court;
>
>    (d)     has been substantially diminished in value; or
>
>    (e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FIVE AND SIX

67.     The United States hereby gives notice to the defendant charged in Counts Five and Six that, upon his conviction of either such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

68.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)     cannot be located upon the exercise of due diligence;

    (b)     has been transferred or sold to, or deposited with, a third party;

    (c)     has been placed beyond the jurisdiction of the court;

    (d)     has been substantially diminished in value; or

    (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS SEVEN, THIRTEEN THROUGH TWENTY-FOUR, THIRTY-ONE
THROUGH THIRTY-FOUR AND THIRTY-SIX THROUGH THIRTY-NINE

69.     The United States hereby gives notice to the defendants charged in Counts Seven, Thirteen through Twenty-Four, Thirty-One through Thirty-Four and Thirty-Six through Thirty-Nine that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924, or any violation of any other criminal law of the United States.

70.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS EIGHT, TEN AND TWELVE

71.     The United States hereby gives notice to the defendants charged in Counts Eight, Ten and Twelve that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

72.  If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this

forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21,

United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWENTY-FIVE, TWENTY-SIX AND TWENTY-EIGHT

73.  The United States hereby gives notice to the defendants charged in

Counts Twenty-Five, Twenty-Six, and Twenty-Eight that, upon their conviction of any such

offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States

Code, Section 982(a)(2)(B), which requires any person convicted of such offenses to forfeit

any property constituting, or derived from, proceeds obtained directly or indirectly as a result

of such offenses; and (b) Title 18, United States Code, Section 1029(c)(1)(C), which requires

any person convicted of such offenses to forfeit any personal property used or intended to be used to commit the offenses.

74.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> (a)     cannot be located upon the exercise of due diligence;
>
> (b)     has been transferred or sold to, or deposited with, a third party;
>
> (c)     has been placed beyond the jurisdiction of the court;
>
> (d)     has been substantially diminished in value; or
>
> (e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), to seek

forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1), 1029(c)(1)(C) and 1029(c)(2); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: _____
       *Carolyn Pokorny*

Assistant U.S. Attorney

F.#: 2020R0304
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*DARRIUS SUTTON,* et al.,

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(d)(1), 982(a)(2), 982(a)(2)(B), 982(b)(1), 1028(a)(7),
1028(b)(2)(D), 1028(c)(3)(A), 1028A(a)(1), 1028A(b), 1028A(c)(4), 1028A(c)(5),
1029(a)(1), 1029(a)(2), 1029(a)(5), 1029(b)(1), 1029(c)(1)(A)(i), 1029(c)(1)(A)(ii),
1029(c)(1)(C), 1029(c)(2), 1349, 1959(a)(3), 1959(a)(5), 1959(a)(6), 1962(d),
1963, 1963(a) and 1963(m), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(C), 841(b)(1)(D), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____          _____
                                                                              *Foreperson*

*Filed in open court this* _____ *day,*
*of* _____ *A.D. 20* _____

_____
                                                                                       *Clerk*

*Bail,* $ _____

*Kevin Trowel & Nick Axelrod, Assistant U.S. Attorneys (718) 254-7000*